H. B. WILSON *v.* AUGUSTUS RICHARDSON AND TRUSTEE.

November Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 17, 1919.

*Trustee Process—Exemption.*

After service upon the defendant and trustee of plaintiff's suit, the defendant assigned his wages to the amount of ten dollars, the sum exempt under G. L. 1944, and of which assignment the trustee had notice. Plaintiff then discontinued that suit and brought the present suit in which he attached by trustee process the goods, chattels, effects, and credits of the defendant then in the hands of the trustee. *Held*, that the ten dollars assigned could not be taken into account in determining defendant's exemption.

ASSUMPSIT begun by trustee process. Trial by the Hartford Municipal Court, *Arthur G. Whitham,* Judge. From a judgment adjudging the trustee chargeable in the sum of $2.43 only, the plaintiff excepted. The opinion states the case.

*Pingree & Pingree* for the plaintiff.

*Hugh Moore* for the defendant.

HASELTON, J. The question here is as to the amount for which the trustee was chargeable, and comes up from the Hartford Municipal Court. That court adjudged the trustee charge-

able in the sum of $2.43 only, and the plaintiff excepted claiming that the trustee should have been charged with $10 more.

After the plaintiff had brought suit against the defendant by way of trustee process and made service upon the defendant and trustee, the defendant made an assignment of wages then due him from the trustee to the amount of ten dollars, the sum exempt from the effect and operation of the trustee process. G. L. 1936, 1944. Notice of the assignment, which was clear and above board, and did not attempt to affect the liability of the trustee under the statute, was sent to the trustee, and, had the plaintiff pursued the suit, would not have affected his rights in any way.

But the plaintiff discontinued his suit by written notice served on the defendant and trustee, as he might do, and then brought the suit before us in which he attached, by trustee process, the goods, chattels, effects, and credits of the defendant then in the hands of the trustee. But in the meanwhile the ten dollars assigned had become a credit of the assignee, and was no longer a credit of the defendant, and could not be taken into account, in determining the exemption in the suit at bar, as the plaintiff claims it should have been, but as it was not by the court.

*The view taken by the court was right, and judgment is affirmed.*